## SUPREME COURT.

ALANSON WILDEY, EMORY SHEAK, Jr., HENRY THOMPSON and ALVAH WOOD, appellants agt. GEORGE WHITNEY, impleaded with EMORY SHEAK, respondent.

Where a *legatee* (one of the children) of the testator takes from the executors, as a portion of his legacy under the will, *a bond and mortgage* formerly given to the testator, and held in trust by the executors, the *mortgagor is a competent witness* in his own behalf in an action to foreclose the mortgage, to prove a payment on the bond and mortgage to the testator in his lifetime.

*General Term, Sixth District; Binghamton, May,* 1863.
*Present,* CAMPBELL, PARKER and MASON, *Justices.*
APPEAL from judgment on report of a referee.

B. N. LOOMIS, *for appellants.*
GEORGE BARTLETT, *for respondent.*

By the court, PARKER, Justice. This action is brought to restrain the defendant Whitney from proceeding in the foreclosure of a mortgage, which he had commenced by advertisement under the statute.

In July, 1840, Joshua Whitney, now deceased, conveyed to the plaintiffs, Thompson and Wood, and to the defendant

Sheak, a tract of land, and took from them their joint bond and mortgage upon the land for $6,000, being a balance of the purchase money. They divided the land among themselves, and agreed with each other to pay on said bond certain sums in proportion to the value of the land each received. Thompson conveyed a portion of the land set off to him, to the plaintiffs Wildey and Sheak, Jr.

Each of the three mortgagors paid to Joshua Whitney several sums, which are indorsed on the bond; and the defendant Sheak claims to have paid, and the plaintiffs claim that he did pay, to said Joshua Whitney, $200 to apply on the bond, on the 28th of May, 1844, which is not indorsed, and the payment of which defendant Whitney denies; and this is the only litigated fact in this action. If that sum was paid, there is nothing due on the mortgage beyond the sum of $700, which has been tendered.

Joshua Whitney died in 1845, leaving a will, in which he gave to his executors a residue of his property, in trust, to convert it into money, and divide the same among four of his children, of whom defendant Whitney is one; and he also authorized his executors, if they should deem it best, to divide the property itself, without converting it into money, among his said four children. The mortgage in question was part of the property so given to his executors, in trust, and was assigned and transferred by them to defendant Whitney as a part of his portion of such residue of his father's property.

On the trial the plaintiffs called the defendant Sheak, and offered to prove by him the payment to said Joshua Whitney of said sum of $200. The defendant Whitney objected, that under section 399 of the Code, as amended in 1862, the witness was incompetent to testify to that fact in this suit.

That section provides that a party may be examined as a witness in his own behalf, or in behalf of any other party, in the same manner, and subject to the same rules

of examination as any other witness; provided, however, that a party to an action shall not be examined in his own behalf in respect to any transaction had personally by him with a deceased person, against parties who are the executors, administrators, heirs at law, next of kin, or assignees of such deceased person, where they have acquired title to the cause of action immediately from said deceased person, or have been sued as such executors, administrators, heirs at law, next of kin or assignees.

Under this section it is evident that Sheak was a competent witness to prove the payment in question, considering him as swearing in his own behalf, unless he is precluded by the proviso—that is, unless the defendant Whitney is either an executor, administrator, heir at law, next of kin or assignee of Joshua Whitney, deceased, and has acquired title to the cause of action *immediately* from him, or is sued as such executor, &c. in this action.

In the first place the defendant Whitney does not stand, with reference to the mortgage, which is the subject matter of this action, in the relation to Joshua Whitney, deceased, of either executor, administrator, heir at law, next of kin or assignee. To take the most favorable view for him, he acquired title to the cause or subject of the action as a legatee of the deceased. It was held by this court, at general term, in this district, in the case of *Hight* agt. *Sackett*, that a legatee is not an assignee of the testator, within the meaning of this section, and that, therefore, under the section as it stood in 1859, an assignor of a thing in action was a competent witness, in behalf of a person deriving title thereto from him, against a legatee of a deceased person who was the other party to the thing in action, the section then providing that such assignor should not be examined against an *assignee*, or an executor or administrator, unless the other party to such thing in action was living, and his testimony could be procured.

If Whitney, then, was not an assignee of his testator, it

cannot be claimed that, as to the mortgage, he stands in either of the other relations named, and for this reason the proviso does not exclude him, and his testimony should have been received.

In the second place, I do not think it can be said that he acquired his title to the mortgage *immediately* from the deceased. The title to the mortgage was in the executors until they transferred it to the defendant, and he had not even the equitable title to it. True, the executors held it with other property, in trust for him and the three other children named in the will, and the four may be said to have had, as tenants in common, an equitable interest in it, but not the defendant alone. It is not a specific legacy, so as to be deemed separated from the general estate, and appropriated to defendant at the time of the testator's death, but it formed a part of the general estate, until separated by the transfer of the executors, and then only did the defendant's title to it accrue. So that he did not acquire title to it *immediately* from the testator, but immediately from the executors.

Suppose no transfer of this mortgage had been made by the executors, could Whitney, the defendant, have maintained an action upon it? I apprehend not, and why not? For want of title only.

It seems to me very clear that Sheak was a competent witness by whom to prove the payment in question, and should have been permitted to testify to that fact.

If I am right, his exclusion was erroneous, and the judgment should be reversed, and a new trial granted, costs to abide the event.